UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRIAN ZULLI,

     Plaintiff,

 -against-

PUBLIC STORAGE, JONATHAN DEVLIN, and
DOES ONE THROUGH TEN INCLUSIVE,

     Defendants.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-cv-387 (JMA) (AYS)

**APPEARANCES:**

 Brian Zulli
 5 Fleet Ct.
 Northport, New York 11768
  *Plaintiff*

 Joseph Miller
 Miller & Lee LLP
 670 White Plains Road, Suite 101
 Scarsdale, New York 10583
  *Attorney for Defendants*

**AZRACK, United States District Judge:**

On January 20, 2017, pro se Plaintiff Brian Zulli filed a complaint against Defendants Public Storage and Jonathan Devlin, an employee of Public Storage. For the reasons set forth below, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff alleges that Public Storage and Devlin wrongfully foreclosed upon and auctioned off Plaintiff's property that he had stored in units at a Public Storage location in California. (Compl. at 3). The complaint alleges that Defendants violated the California Self-Storage Facility

1

Act, Cal. Bus. & Prof. Code, § 21700 ("CSSFA"), committed fraud, and violated his Fourteenth Amendment right to due process. (Compl. at 3-5). Although difficult to decipher, the complaint appears to allege that when Defendants initiated a foreclosure action in California concerning Plaintiff's property, Defendants committed fraud in connection with service of process for the foreclosure action, which plaintiff alleges violated the CSSFA and also constituted common law fraud. (Compl. at 4). The complaint also alleges state law claims for harassment and intentional infliction of emotional distress relating to the auction of Plaintiff's property from the storage units. (Compl. at 5).

The Court notes that Plaintiff's complaint is devoid of any allegations that Public Storage or Devlin were acting as agents of the state or under the color of state law.

**B. Procedural History**

Plaintiff commenced this action on January 20, 2017. (Compl.). On March 28, 2017, Defendants filed a pre-motion conference letter, seeking leave to file a motion to dismiss on various grounds, including improper venue. (ECF No. 12). On June 23, 2017, the Court waived the pre-motion conference and entered a briefing schedule for the Defendants' motion to dismiss on the issue of improper venue. (Order dated 5/01/2017).

On June 27, 2017, Defendants submitted another pre-motion conference letter, which requested leave to file a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 16). In response, Plaintiff submitted a letter on July 10, 2017, which stated that it would be "totally against the interest of justice" to grant Defendants' request. (ECF No. 17.) Plaintiff also submitted a letter on September 5, 2017, which largely reiterated the allegations contained in the complaint. (ECF No. 18.) On September 11, 2017, Defendants filed their fully briefed motion to dismiss for improper venue. (ECF No. 19). Defendants' motion primarily focuses on the issue of improper

venue, but also asserts that if the Court finds that venue is improper, the Court should dismiss, rather than transfer the case, because, according to Defendants, no federal court would have subject matter jurisdiction over this case. Although Defendants' motion acknowledges that Plaintiff alleges a federal claim under the Fourteenth Amendment, Defendants assert that this claim is meritless and that diversity jurisdiction does not exist for the remaining state law claims.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555.

In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and alteration omitted).

### B. Subject Matter Jurisdiction

Notwithstanding the liberal construction afforded to pro se filings, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may "refer to evidence outside the pleadings." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

Although Defendants' motion to dismiss is focused on the question of improper venue, the Court must first address the question of subject matter jurisdiction. Plaintiff received ample notice—in both Defendants' motion to dismiss as well as in Defendants' June 27 pre-motion conference letter—of Defendants' position that subject matter jurisdiction is lacking. In addition to opposing Defendants' motion, Plaintiff also filed two letters in response to Defendants' June 27 pre-motion conference letter.[1]

Here, a liberal reading of the complaint indicates that the Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

---

[1] The Court construes Defendants' June 27 pre-motion conference letter as a motion to dismiss for lack of subject matter jurisdiction and Plaintiffs' two letters as the opposition to that motion. In any event, even absent those letters, the issue of subject matter jurisdiction was sufficiently presented in Defendants' formal motion to dismiss, such that Plaintiff was on notice that the Court might dismiss this action for lack of subject matter jurisdiction.

4

Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

As explained below, neither Section 1331 nor Section 1332 provide with the Court with subject matter jurisdiction over this case.

### i. Application of Section 1331

"A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff invokes § 1331 jurisdiction when he pleads a "colorable claim" arising under the Constitution or federal law. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10 (quoting Bell v. Hood, 327 U.S. 678, 682–683 (1946)).

To the extent that the Plaintiff seeks to invoke federal question jurisdiction by claiming that Defendants violated his right to due process, Plaintiff has not pled a colorable federal claim. The complaint contains the conclusory allegation that Defendants "did not follow the law" (sic) and therefore "clearly violated [Plaintiff's] Fourteenth Amendment rights in his right to due process" (Compl. at 5), yet includes no facts to support this claim.

Under 42 U.S.C. § 1983, an individual may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or

constitutional rights. Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) (quoting Section 1983). Therefore, to successfully state a claim against a private actor under Section 1983, the complaint must also allege that the individual's conduct challenged was "committed by a person acting under color of state law . . ." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F. 3d 545, 547 (2d Cir. 1997)).

Private actors may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cty. of Nassau, 292 F. 3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).

Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323–24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Plaintiff has failed to allege that Defendants engaged in joint action with, or had any agreement with, any state actor.

Nor has the State delegated an exclusive sovereign function to Defendants, such that they would be considered to be acting under the color of state law. In Flagg Bros., Inc. v Brooks, 436 U.S. 149 (1978), the Supreme Court considered a Section 1983 claim involving N.Y. U.C.C. Law § 7-210, which regulates storage liens similarly to the CSSFA. The Court held that by passing laws such as U.C.C. § 7-210, "the State . . . has not compelled the sale of a bailor's goods, but has merely announced the circumstances under which its courts will not interfere with a private sale."

6

Flagg Bros. v. Brooks, 436 U.S. at 166; see also Greenidge v. Baya Moving & Storage, No. 15 CV 5944, 2015 WL 6755389 (E.D.N.Y. Nov. 4, 2015).

Finally, Plaintiff's vague allegations that the Defendants' actions concerning the foreclosure proceeding were fraudulent do not allege a claim under Section 1983, as Defendants' participation in a foreclosure proceeding upon Plaintiff's property does not constitute action taken under the color of state law. See Stevens v. Frick, 372 F.2d 378, 381 (2d Cir. 1967) Secard v. Wells Fargo Bank, N.A., No. CV 15-499, 2015 WL 6442563, at *3 (E.D.N.Y. Sept. 9, 2015) (report and recommendation) ("It is well settled . . . that participation by a private party in litigation, without more, does not constitute state action), adopted by, 2015 WL 6442346 (E.D.N.Y. Oct. 23, 2015).

Even affording the pro se complaint a liberal interpretation, it is evident that Plaintiff has not stated any colorable federal claims.[2] Thus, Plaintiff's complaint does not establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

> *ii. Application of Section 1332*

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiffs and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005).

Here, the complaint lists Plaintiff's address as Northport, New York. (Compl. at 2). Although the complaint states that Public Storage is located in California, Defendants have offered uncontradicted evidence showing that Public Storage is a Maryland real estate investment trust

---

[2] Even assuming, for the sake of argument, that the plaintiff's federal claims are "colorable," plaintiff has failed to allege any plausible federal claims that would survive dismissal under Rule 12(b)(6). Because, as explained below, diversity jurisdiction is lacking, the Court would decline to exercise supplemental jurisdiction over any state law claims after the dismissal of plaintiff's federal claims.

7

("REIT"), which, as of January 20, 2017, had 518 shareholders who resided in New York as of that date. (Declaration of Greta Katz, ECF No. 20.) A REIT is an unincorporated entity, and its citizenship is dependent on the citizenship of all its members. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016). In Americold, the Supreme Court held that for purposes of diversity jurisdiction, the members of a REIT organized under Maryland law include its shareholders. Id. at 1016. As a REIT organized under Maryland law, Public Storage is therefore a citizen of the states of its shareholders, including the 518 residents of New York. While mere residence does not assure citizenship, the party asserting jurisdiction bears the burden of proving that the case is properly before the Court. As Plaintiff has submitted no evidence to show that all 518 shareholders who resided in New York were merely transient residents, Plaintiff has not met his burden to show that Public Storage was not a citizen of New York when the complaint was filed.[3] Thus, because Plaintiff has not established diversity of citizenship between Plaintiff and Public Storage, the Court is precluded from exercising subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[3] In its motion papers, which were filed on September 11, 2017, Public Storage provided a declaration showing that, as of July 20, 2017, Public Storage had 513 shareholders who resided in New York. Because diversity jurisdiction is determined as of the date that a suit is filed, the Court directed Public Storage, on June 20, 2018, to provide a declaration identifying the number of Public Storage shareholders who resided in New York as of January 20, 2017, the date the complaint was filed. Public Storage provided a revised declaration on June 22, 2018. Plaintiff has not filed anything in response to that declaration and did not, in response to Public Storage's original motion papers, make any effort to establish that Public Storage is not a citizen of New York.

### III. CONCLUSION

For the reasons stated above, this action is dismissed without prejudice for lack of jurisdiction. The Clerk of Court is directed to close the case and mail a copy of this Order to the pro se plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: July 13, 2018
      Central Islip, New York

                                                /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE